IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **BETTY FRANKLIN,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Case No. 15-cv-01202-PMF |
| ) | |
| **MORAN FOODS LLC,** ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM AND ORDER**

**FRAZIER, Magistrate Judge:**

Before the Court is defendant Moran Foods' motion to dismiss (Doc. No. 5). The motion targets Count 2, which seeks discovery or preservation of evidence under Illinois Rule 224. Defendant argues that Count 2 is inappropriate in these particular circumstances, where the defendant's identity is known.

A federal complaint requires a short and plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a). In approaching a motion to dismiss, the allegations are viewed in a light favorable to the plaintiff, accepting well-pleaded facts as true and drawing all possible inferences in his or her favor. *Hecker v. Deere & Co.*, 556 F.3d 575 (7th Cir. 2009). Specific facts are not necessary; the statement need only give fair notice of what the claim is and the grounds upon which it rests. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

Plaintiff's brief in response to the motion to dismiss was due on December 3, 2015. A response is not on file. The absence of a response may be considered as an admission that the motion to dismiss has merit. SDIL-LR 7.1(c).

On review of the material, the Court is satisfied that Count 2 does not state a separate claim for relief.  The discovery tools available to plaintiff reasonably permit the identification of potential defendants.  At this time, the deadline for amending the pleadings has expired (Doc. No. 18-1).  The motion (Doc. No. 5) is GRANTED.  Count 2 is DISMISSED.

**IT IS SO ORDERED.**

**DATED:  February 29, 2016  .**

    **s/Philip M. Frazier**
**PHILIP M. FRAZIER**
**UNITED STATES MAGISTRATE JUDGE**